# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | NO. 06-CR-0011-JHP |
| CLONNIE ALONZO LAYMAN, et al., | ) | |
| Defendants. | ) | |

## ORDER

Defendant Layman is charged in a seven count indictment with various drug and firearm offenses. He has filed a second motion to suppress evidence seized during a search conducted on August 25, 2003. [Doc. #142].[1] The government has filed a response in opposition to the motion and the defendant has filed a reply. The court heard oral argument on the motion on June 15, 2006. Upon consideration, the court concludes defendant's supplemental motion to suppress should be denied.

Defendant Layman claims that the search warrant relied upon by the searching officers did not adequately describe the location of the rural property to be searched and

---

[1]*Defendant, who lived in a travel trailer on the land which was searched, previously moved to suppress both the evidence seized during the search and statements made by him to law enforcement officers before his arrest at the scene. [Doc. #50]. A Report and Recommendation was issued by Magistrate Judge Steven P. Shreder recommending that the defendant's motion be granted in part and denied in part. [Doc. #81]. In particular, the magistrate judge concluded defendant's statements should be suppressed but that the other evidence was admissible. Judge James H. Payne, the judge previously assigned to this matter, adopted the Report and Recommendation as the ruling of the court on May 9, 2006. [Doc. #119].*

therefore did not meet the particularity requirement of the Fourth Amendment.[2] The officer's affidavit in support of the search warrant and the search warrant itself describe the location of the place to be searched as follows:

> The residence and travel trailer to be searched may be located by beginning at the intersection of U.S. Highway 62 and Highway 82. At this intersection travel south on State Highway 82 for approximately fourteen and two-tenths (14.2) miles to the intersection of State Highway 82 and a paved county road also known as Blue Top road. At this intersection turn left (east) onto Blue Top road and travel approximately one and one-tenths (1.1) miles to the intersection of Blue Top road and an unmarked private drive and travel approximately one-tenth (0.1) miles to the residence and travel trailer to be searched.

[Doc. #51, pp. 7-11]. Defendant argues that this description is ambiguous because there are "two junctions" of State Highway 62 and U.S. Highway 82, one of which does not lead to the property to be searched.[3]

"The test for determining the adequacy of the description of the location to be searched is whether the description is sufficient to enable the executing officer to locate and identify the premises with reasonable effort, and whether there is any reasonable probability that another premise might be mistakenly searched." Harman v. Pollock, 446 F.3d 1069, 1078 (10th Cir. 2006) (internal quotations omitted). "'Practical accuracy rather than

---

[2]*The Fourth Amendment to the United States Constitution provides that "[t]he right of the people to be secure in their person, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV.*

[3]*Defendant states that these two highways connect both on the east side of the town of Tahlequah, Oklahoma and on the south side. Def's. Ex. 1.*

technical precision controls the determination of whether a search warrant adequately describes the premises to be searched.'" United States v. Lora-Solano, 330 F.3d 1288, 1293 (10th Cir. 2003) (quoting United States v. Dorrough, 927 F.2d 498, 500 (10th Cir. 1991)). "The requisite specificity of the description differs for rural and urban areas and depends heavily on the facts of each case." Dorrough, 927 F.2d at 500.

In this case, even assuming the junction information contained in the search warrant was ambiguous, the warrant was not limited to such information. Instead, the description included specific information about "Blue Top road" and its intersection with an unmarked private drive leading to the property to be searched. Defendant does not dispute the accuracy of this description or argue that the officers, given this other information, would not be able to locate and identify the premises to be searched with reasonable effort. See Harman, 446 F.3d at 1078 ("We have upheld warrants like the one at issue where one part of the description is inaccurate, but the description has other accurate information to identify the place to be searched with particularity."). Additionally, the officers executing the search warrant were familiar with and had personal knowledge of the location of the property based on a prior search conducted only a few hours before the warrant was issued. See Harman, 446 F.3d at 1079 (officer's personal knowledge was a factor supporting the warrant's descriptive sufficiency). In fact, officers had remained at the property while the warrant was obtained. See Harman, 446 F.3d at 1079 (fact that premises "had previously been surveilled or were being surveilled while the warrant was obtained" was a factor supporting the sufficiency of the warrant). Based on these circumstances, there was no reasonable

3

probability that other premises would mistakenly be searched. As a result, the court concludes the warrant described the location of the place to be searched with sufficient particularity. Accordingly, defendant Layman's second motion to suppress is **DENIED.**

**IT IS SO ORDERED**.

Dated this 26th day of June, 2006.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE